IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE X. COOPER, | : | No. 4:21-CV-01793 |
| Plaintiff, | : | (Chief Judge Brann) |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**NOVEMBER 18, 2022**

Plaintiff Bruce X. Cooper filed the instant *pro se* Section 1983[1] action, claiming constitutional violations with respect to COVID-19 pandemic management at his prison. He now moves for class certification. Cooper, however, has failed to satisfy the requirements for class certification under Federal Rule of Civil Procedure 23, so the Court will deny his motion.

**I.   BACKGROUND**

During all relevant times, Cooper has been incarcerated at the State Correctional Institution in Dallas, Pennsylvania (SCI Dallas).[2] At the time he filed his complaint, Cooper described himself as a 65-year-old "elderly male" who has

---

[1]   42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   Doc. 11 ¶ 3.

been in state custody for over 30 years.[3] He alleges that he has preexisting hypertension, heart disease, pulmonary disease, and "a host" of other serious medical conditions.[4]

Cooper avers that, due to gross mismanagement, facility disrepair and lack of ventilation, absence of oversight, insubordination of rank-and-file correctional officers, and failure to enforce Pennsylvania Department of Corrections (DOC) policy, the COVID-19 virus[5] spread unchecked throughout SCI Dallas and he was eventually infected.[6] He asserts that, as a result of his infection, he suffered serious side effects including deep vein thrombosis and long-term respiratory problems, as well as mental and emotional injuries.[7] He named as defendants three DOC officials: John Wetzel (then-Secretary of Corrections), Kevin Ransom (Superintendent of SCI Dallas), and Erin Brown (Director of the Office of Population Management).[8] Cooper claimed that these officials had full knowledge

---

[3] *Id.* ¶ 7.
[4] *Id.*
[5] The COVID-19 virus is also known as "severe acute respiratory syndrome coronavirus 2" and "SARS-CoV-2." *Naming the Coronavirus Disease (COVID-19) and the Virus that Causes It*, WORLD HEALTH ORG., https://www.who.int/emergencies/diseases/novel-coronavirus-2019/technical-guidance/naming-the-coronavirus-disease-(covid-2019)-and-the-virus-that-causes-it (last visited Nov. 14, 2022). The Court refers to the virus herein as "the COVID-19 virus" and to the disease it causes as "COVID-19."
[6] *See generally* Doc. 11 ¶¶ 8-74.
[7] *Id.* ¶¶ 60, 75, 77.
[8] *Id.* ¶¶ 4-6.

of the conditions at SCI Dallas and either took no action or instituted practices that exacerbated the pandemic's deadly effects at the facility.[9]

In September 2021, Cooper filed a lengthy complaint in the Court of Common Pleas of Luzerne County, Pennsylvania.[10]  Defendants removed the case to this Court.[11]  In his complaint, Cooper asserted a Section 1983 Eighth Amendment claim against all Defendants alleging unconstitutional conditions of confinement.[12]  He also alleged a state-law negligence claim against Wetzel and Ransom.[13]

Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).[14]  The Court granted that motion in part and dismissed Cooper's Eighth Amendment claim against Brown and his state-law claim against Wetzel and Ransom.[15]  Cooper subsequently moved for class certification on his remaining Eighth Amendment claim against Wetzel and Ransom.[16]  For the reasons that follow, the Court will deny Cooper's motion.

---

[9]   *Id.* ¶¶ 39, 46, 50-51, 55, 68-73.
[10]  *See* Doc. 1-1 at 1.
[11]  Doc. 1 at 1.
[12]  Doc. 11 ¶¶ 80-84.  Cooper sets out two counts under an Eighth Amendment umbrella, but these purportedly separate counts are really a single conditions-of-confinement claim involving the alleged conditions at SCI Dallas to which Cooper was subjected during the height of the COVID-19 pandemic.  *See id.*
[13]  *Id.* ¶¶ 85-89.
[14]  Doc. 4.
[15]  *See* Doc. 14.
[16]  Doc. 32.

## II.  DISCUSSION

Cooper's motion for class certification must be denied for two reasons. First, Cooper has failed to comply with the Local Rules of Court for his motion. Second, he has not made the showing required for class certification.

### A.  Cooper's Filing Does Not Comply with the Local Rules

Cooper moved for class certification but failed to timely support his motion with a brief. Local Rule of Court 7.5 requires that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn."[17] Local Rule 7.8 subsequently provides that supporting briefs "shall contain complete citations of all authorities relied upon" and that "[t]he brief of the moving party shall contain a procedural history of the case, a statement of facts, a statement of questions involved, and argument."[18]  Cooper was provided with a copy of these Local Rules at the outset of his case.[19]

Cooper has not complied with Rules 7.5 and 7.8. He has not filed a supporting brief, let alone one that comports with Rule 7.8. The Court is aware that *pro se* filers are held to a lesser standard than counseled parties, but even *pro*

---

[17] LOCAL RULE OF COURT 7.5 (emphasis supplied).
[18] LOCAL RULE OF COURT 7.8.
[19] *See* Doc. 2-3.

*se* litigants must substantially comply with the Local Rules of Court and must support their arguments with legal authority.  Thus, as Cooper's motion for class certification fails to comply with Local Rule of Court 7.5, it is deemed withdrawn.[20]  Nevertheless, the Court will address the merits of Cooper's motion for class certification to avoid wasting judicial time and resources.

### B.     Cooper's Motion Fails on the Merits

Class certification under Federal Rule of Civil Procedure 23 is "an exceptional form of litigation"[21] that is appropriate only if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.[22]

These four requirements are often referred to, in shorthand, as "numerosity, commonality, typicality, and adequacy of representation."[23]  The movant must additionally meet one of the enumerated instances in Rule 23(b)(1), (2), or (3).  The party seeking class certification "bears the burden of affirmatively demonstrating by a preponderance of the evidence" that he has complied with Rule 23's requirements.[24]

---

[20]  *See* LOCAL RULE OF COURT 7.5.
[21]  *Russell v. Educ. Comm'n for Foreign Med. Graduates*, 15 F.4th 259, 265 (3d Cir. 2021) (internal quotation marks omitted).
[22]  FED. R. CIV. P. 23(a).
[23]  *See Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 140 (3d Cir. 1998).
[24]  *Russell*, 15 F.4th at 265 (internal quotation marks omitted).

Cooper's motion fails on at least two requirements of Rule 23(a): numerosity and typicality. As to numerosity, Cooper asserts that "prisoners with the same interests ha[ve sought] and are seeking joinder" in this case.[25] While it is true that several prisoners at SCI Dallas have moved to intervene in the instant matter, that number currently stands at two—John Taylor and Antonio Saunders.[26] In no way does two additional plaintiffs satisfy the numerosity requirements under Rule 23(a)(1) such that joinder is impracticable.

Even if Cooper is attempting to assert a larger putative class beyond the two proposed intervenors, Cooper's motion fails as to typicality. This element ensures that "the class representatives are sufficiently *similar* to the rest of the class—in terms of their legal claims, factual circumstances, and stake in the litigation—so that certifying those individuals to represent the class will be fair to the rest of the proposed class."[27] Establishing typicality requires that "the claims and defenses of the representative [are] sufficiently similar not just in terms of their legal form, but also in terms of their factual basis and support."[28]

The gravamen of Cooper's case is an Eighth Amendment conditions-of-confinement claim against Wetzel and Ransom. Antonio Saunders, on the other hand, seeks to additionally bring claims involving negligence and medical

---

[25] Doc. 32 at 1.
[26] Docs. 39, 42.
[27] *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 597 (3d Cir. 2009) (citations omitted).
[28] *Id.* at 598.

malpractice, alleging that he was given a seizure medication by SCI Dallas medical staff and told it was a "vitamin."[29] It appears that Saunders wants to sue numerous diverse defendants, including a pharmaceutical company, an inmate grievance coordinator, a doctor at SCI Dallas, and several other unidentified prison medical providers.[30] John Taylor himself avers that "his interests are inadequately represented" by Cooper because he believes the Centers for Disease Control and Prevention should be made a party to the instant lawsuit and he additionally desires to assert negligence claims.[31]

There is also a lack of factual similarity between the proposed class representative (or representatives) and the putative class members. As Cooper points out, he is over 65 and has numerous preexisting medical conditions that make him more susceptible to serious illness from the COVID-19 virus. These health conditions are specific to Cooper and would almost certainly differ between class representatives and putative class members.[32] Moreover, because the Prisoner Litigation Reform Act requires that Section 1983 claims by inmates be administratively exhausted—a prisoner-specific process—the proposed representatives and putative class members "may face significant unique or

---

[29] *See* Doc. 42 at 3-4.
[30] *See* Doc. 43-1 ¶¶ 2-4. In fact, only one defendant—Ransom—overlaps between Saunders' and Cooper's complaints.
[31] *See* Doc. 40 at 4.
[32] *See Thakker v. Doll*, 336 F.R.D. 408, 417 (M.D. Pa. 2020) (noting Rule 23(a)(3) typicality problems with prisoner claimants asserting claims concerning COVID-19).

7

atypical defenses to [their] claims."[33]  Cooper has thus failed to establish numerosity and typicality under Rule 23(a) and his motion for class certification must be denied.

### III.  CONCLUSION

For the foregoing reasons, the Court will deny Cooper's motion for class certification under Federal Rule of Civil Procedure 23.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[33]  *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d at 598.