# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE X. COOPER, | No. 4:21-CV-01793 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| JOHN WETZEL, *et al.*, | |
| Defendants. | |

## ORDER

### DECEMBER 1, 2022

Plaintiff Bruce X. Cooper filed a motion to compel[1] regarding a discovery dispute in the instant case. He asserts that he submitted 40 requests for production of documents and received 2,500 pages of materials in response.[2] Apparently, those documents were sent to the Superintendent's assistant at SCI Dallas, and Cooper is required to review the documents with the assistant and pay $0.25 per page for each page of discovery he would like to retain.[3] Cooper claims that the "primary issue" is that he has to examine 2,500 pages of materials to locate the documents he thinks are responsive to his requests.[4] He contends that this is "an unreasonable burden" and is "ridiculous and outrageous."[5]

---

[1] Doc. 48.
[2] *See id.*
[3] *See id.*
[4] *See id.*
[5] *Id.*

Cooper's motion to compel is deficient for multiple reasons. First, he has failed to comply with Local Rule of Court 26.3, which requires a motion seeking to compel discovery to contain "a statement certifying that [the movant] has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the court, together with a detailed explanation why such agreement could not be reached."[6] Cooper also failed to file a brief in support of his motion.[7] Additionally, Cooper fails to specify what relief he is seeking, although it is presumed that he believes Defendants should be forced to provide a more calculated response to his requests for production of documents.

Cooper, however, is suing the former Secretary of the Pennsylvania Department of Corrections and the Superintendent of SCI Dallas concerning prison conditions related to the COVID-19 pandemic. He admits that he has made 40 requests for production of documents. Cooper should not be surprised that a good-faith response to his requests for production of documents resulted in a sizeable amount of materials being produced. In other words, Cooper should have anticipated this result based on the sweeping claims he has made in his complaint. And it is his responsibility to review the materials. Defendants aver that they

---

[6]   LOCAL RULE OF COURT 26.3.
[7]   LOCAL RULE OF COURT 7.5.

provided a response to Cooper's requests for production of documents in good faith and Cooper has failed to rebut this claim.

As to costs, the Court is uncertain why Defendants have chosen to use an intermediary at SCI Dallas for what appears to be nonsensitive discovery materials. There is, quite simply, no reason why responsive documents cannot be provided directly to Cooper, as this is the normal procedure for civil discovery (even with *pro se* prisoner litigation). While it is true that *pro se* litigants generally must bear the costs of their own discovery, Defendants have not explained (and the Court cannot divine) why Cooper should have to pay additional fees for copies of documents that have already been created by Defendants and sent to SCI Dallas.[8]

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Cooper's motion to compel (Doc. 48) is **DENIED**.

2. Defendants shall discontinue the process of using a prison administrative intermediary for discovery unless there is a proper basis for such action (*e.g.*, institutional security concerns, video review, *etc.*).

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[8] It is of no matter that Cooper has sufficient funds in his prisoner trust fund account to afford to pay for the copies. The fact of the matter is that copies have already been made by Defendants and there is no reason why Cooper—or any other *pro se* litigant—should be charged to make a *second* set of copies when the nonsensitive documents could simply be provided directly to Cooper through the mail or by the prison administrator who received them.